IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and THE TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>          Plaintiffs,<br><br>  v.<br><br>**THE FHL FINANCIAL GROUP, a California corporation,**<br><br>          Defendant. | 8:19-cv-02370-JVS-KES<br><br>**JUDGMENT ENTRY PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Trial Date: March 10, 2023<br>Time:     8:30 a.m.<br>Place:    Courtroom 10C, Santa Ana<br>Judge:   Hon. James V. Selna<br><br>Action Filed: December 9, 2019 |

## I. PROCEDURAL BACKGROUND

Plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account (together, "DTSC") brought this civil action under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) and section 25360 of the Hazardous Substances Account Act ("HSAA"), Cal. Health & Saf. Code § 25360, to recover costs DTSC incurred responding to releases and threatened releases of hazardous substances at 7047 and 7051 North Figueroa Street, City of Los Angeles, in the County of Los Angeles, California, identified by Assessor's Parcel Number ("APN") 5480-012-016 ("the Site"), and interest thereon. Defendant The FHL Financial Group ("FHL") is the owner of the Site having acquired it by conducting a non-judicial foreclosure in January 2008.

Pursuant to the agreement of DTSC and FHL described in their Amended Joint Rule 26(f) Report (Mar. 23, 2020, Dkt. 20) and the Court's subsequent Order Re Scheduling Dates (Mar. 26, 2020, Dkt. 23), this case was bifurcated between liability and costs, with liability to be resolved first before any discovery or motion practice concerning costs. On November 29, 2021, the Court further bifurcated the liability phase such that FHL's affirmative defense proceeded first. *See* Minute Order (Nov. 29, 2021, Dkt. 40); Final Pretrial Conference Order ¶ 13 (Nov. 29, 2021, Dkt. 41).

FHL raised only one affirmative defense to DTSC's claims for relief, asserting that it is a lender and thus exempted from liability under CERCLA, 42 U.S.C. § 9601(20)(F) and under California Health and Safety Code § 25548.2(a)(1). The Court held a bench trial on the affirmative defense on December 14, 2021. Following the close of the evidence and the argument of the parties, the Court found in favor of DTSC, and stated its findings of fact and conclusions of law on the record, pursuant to Rule 52 of the Federal Rules of Civil Procedure.

On March 10, 2023, the Court held a bench trial on the liability phase. Following the close of the evidence and the argument of the parties, the Court stated its findings of fact and conclusions of law on the record, pursuant to Rule 52 of the Federal Rules of Civil Procedure. Specifically, the Court finds that:

1. FHL is jointly and severally liable under CERCLA for all unreimbursed response costs incurred by DTSC responding to releases and/or threatened releases of hazardous substances at the Site pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the amount of which is to be determined in a later phase of this case.

2. DTSC is entitled to a "declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." 42 U.S.C. § 9613(g)(2).

3. FHL is a "responsible party" and a "liable person" under California Health and Safety Code section 25323.5(a) because it is one of the parties described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

## II. No Just Reason for Delay of Appeal of DTSC's Second Claim for Relief

Rule 54(b) of the Federal Rules of Civil Procedure provides that when an action presents more than one claim for relief, the court may enter final judgment as to one or more, but fewer than all of the claims, when the court determines there is no just reason for delay. The discretionary power of the district court to enter a Rule 54(b) judgment may be exercised on the court's own motion.

DTSC has successfully established that FHL is liable under section 107(a) of CERCLA for all unreimbursed response costs incurred by DTSC responding to releases and/or threatened releases of hazardous substances at the Site and for DTSC's future costs. 42 U.S.C. §§ 9607(a), 9613(g)(2). FHL, however, has stated its intent to appeal the Court's decision regarding FHL's affirmative defense, specifically that FHL did not meet its burden to prove it is a lender and thus

exempted from liability under CERCLA, 42 U.S.C. § 9601(20)(F) and under California Health and Safety Code § 25548.2(a)(1). The amount of DTSC's response costs will be determined in a subsequent phase of litigation, which will necessarily require a significant expenditure of time and resources. That expenditure will be of no effect if the Ninth Circuit reverses this Court's decision with respect to FHL's affirmative defense.

For these reasons, the Court finds that the litigants are best served by allowing an immediate appeal of the Court's judgment with respect to DTSC's Second Claim for Relief for Declaratory Judgment, and, in particular, the Court's denial of FHL's affirmative defense. The Court will conduct the second phase of the bifurcated trial concerning the amount of DTSC's recoverable response costs after the Ninth Circuit Court of Appeals rules on an appeal of this judgment by FHL, if any, or after the time for FHL to appeal has expired.

Therefore, for the reasons stated herein, and in accordance with the Court's findings and conclusions, which are incorporated herein by reference, **IT IS HEREBY ORDERED, ADJUDGED and DECREED that** DTSC's Second Claim for Relief is GRANTED. This Judgment Entry is certified and entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  April 11, 2023

Hon. James V. Selna
United States District Judge
Central District of California